IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID HOOKS, Individually and | § | |
| On Behalf of All Others Similarly | § | |
| Situated, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-173 |
| | § | |
| LANDMARK INDUSTRIES, INC., d/b/a | § | |
| TIMEWISE FOOD STORES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Plaintiff's Motion for Class Certification (Doc. 33).  The court has considered the motion, the responses and supplements thereto, all relevant filings, and the applicable law.  For the reasons set forth below, the court **RECOMMENDS** that Plaintiff's motion be **GRANTED**.

Also pending before the court is Defendant's Motion to Dismiss (Doc. 36).  Defendant concedes that, if Plaintiff's motion for class certification is granted, Defendant's pending motion to dismiss will be moot.[2]  Accordingly, the court **RECOMMENDS** that Defendant's motion to dismiss be **DENIED AS MOOT**.

### I.  Case Background

Plaintiff, individually and on behalf of all others similarly

---

[1]    This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Doc. 60.

[2]    Doc. 70, Def.'s Reply in Supp. of Def.'s Mot. to Dismiss p.2; see also Doc. 36, Def.'s Mot. to Dismiss; Doc. 37, Pl.'s Resp. to Def.'s Mot. to Dismiss.

situated filed this lawsuit against Landmark Industries, Inc., d/b/a Timewise Food Stores ("Defendant") for violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq., and its implementing regulations, 13 C.F.R. § 205 et seq. (collectively "EFTA").

## A.   <u>Factual History</u>

The following factual account is derived from Plaintiff's first amended complaint.[3]  On November 12, 2011, Plaintiff used an automated teller machine ("ATM") operated by Defendant at Timewise Food Store, 1200 League Line Road in Conroe, Texas, to withdraw money from his personal checking account.[4]  Defendant was not the financial institution that held Plaintiff's checking account.[5]  At the time Plaintiff initiated the transaction at Defendant's ATM, there was no notice posted on or at the ATM to inform consumers that they would be charged a fee to use the ATM.[6]  Nonetheless, Plaintiff was charged a "terminal fee" of $2.95 to use the ATM for the aforementioned transaction.[7]

## B.   <u>Procedural History</u>

Plaintiff filed this lawsuit against Texas Petroleum, LLC on

---

[3]     <u>See</u> Doc. 9, Pl.'s 1st Am. Compl.

[4]     <u>See</u> <u>id.</u> ¶¶ 15-16.

[5]     <u>See</u> <u>id.</u> ¶¶ 16-17.

[6]     <u>See</u> <u>id.</u> ¶ 19.

[7]     <u>Id.</u> ¶ 18.

January 18, 2012, alleging violations of the EFTA.[8]  Plaintiff filed an amended complaint two months later, on March 12, 2012, substituting Defendant as the proper defendant in the action.[9]

Plaintiff filed the pending motion for class certification on October 5, 2012,[10] seeking to certify the following class:

> All non-customers who made an electronic fund transfer, from an account used primarily for personal or household purpose[s], between November 12, 2010, through the date on which Defendant came into compliance with the ATM Fee posting requirements of the EFTA, at the ATM operated by Defendant at 1200 League Line Road, Conroe, Texas, and who were charged a "Terminal Fee."[11]

Approximately seven weeks later, on November 28, 2012, Defendant filed a response in opposition to Plaintiff's motion for class certification.[12]  Plaintiff filed a reply in support of class certification two weeks later, on December 10, 2012.[13]

On February 21, 2013, the parties filed a joint request for a briefing schedule on Plaintiff's class certification motion.[14]  The court granted the request, and the parties subsequently filed

---

[8]     See Doc. 1, Pl.'s Orig. Compl.

[9]     See Doc. 9, Pl.'s 1st Am. Compl.

[10]    See Doc. 33, Pl.'s Mot. for Class Cert.

[11]    Doc. 33, Pl.'s Mot. for Class Cert. pp. 4-5.

[12]    See Doc. 47, Def.'s Resp. in Opp'n to Pl.'s Mot. for Class Cert.; Doc. 43, Def.'s Mot. for Ext. of Time to Respond to Pl.'s Mot. for Class Cert.; Doc. 44, Or. Dated Nov. 13, 2012.

[13]    See Doc. 49, Pl.'s Reply in Supp. of Mot. for Class Cert.

[14]    See Doc. 73, Joint Req. for Briefing Sch.

supplemental briefing.[15]  In May 2013, the court ordered the parties
to submit briefs concerning the effect of a December 2012 amendment
to the EFTA on the court's class certification analysis.[16]
Plaintiff filed a brief in compliance with the court's order two
weeks later, on June 14, 2013.[17]  Defendant opted not to file a
brief on the requested issue.  The court interprets Defendant's
failure to submit a brief or response to Plaintiff's brief as
indicating that Defendant does not contest the issue concerning the
December 2012 amendment to the EFTA.  Therefore, for class
certification purposes in this case, unnamed class members who are
not parties to this action may assert their class claims.[18]

## II.  Applicable Legal Standards

The provision of individual consumer rights for "participants
in electronic fund transfer and remittance transfer systems" serves
as the primary objective for the enactment of the EFTA.[19]  15 U.S.C.
§ 1693(b).  To effect this purpose, the EFTA "provide[s] a basic

---

[15]    See Doc. 75, Or. Dated Feb. 22, 2013; Doc. 79, Pl.'s Suppl. to Mot.
for Class Cert.; Doc. 88, Def.'s Suppl. Resp. to Pl.'s Mot. for Class Cert.; Doc.
89, Def.'s Am. Suppl. Resp. to Pl.'s Mot. for Class Cert.; Doc. 90, Pl.'s Suppl.
Reply in Support of Class Cert.

[16]    See Doc. 91, Or. Dated May 31, 2013.

[17]    See Doc. 92, Pl.'s Br. in Resp. to Or. Dated May 31, 2013.

[18]    The court notes that the effect of the December 2012 amendment to the
EFTA on class certification in cases such as this case is presently on appeal to
the Fifth Circuit.  See Mabary v. Hometown Bank, N.A., No. 4:10-cv-3936, 2013 WL
1124026 (S.D. Tex. Nov. 22, 2011) (unpublished), appeal filed, No. 13-20211 (5th
Cir. Apr. 19, 2013).

[19]    The term "electronic fund transfer" is defined to include ATM
transactions.  15 U.S.C. 1693a(6).

framework establishing the rights, liabilities, and responsibilities" of such participants.  Id.  Operators who impose a fee on a consumer in connection with the use of an ATM are required to notify the consumer about the existence and amount of the fee.  15 U.S.C. 1693b(d)(3)(A).  Prior to December 20, 2012, the EFTA required that an ATM operator's notice be posted as follows:

(i) On the machine

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the [ATM] at which the electronic fund transfer is initiated by the consumer.

(ii) On the screen

The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the [ATM], or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction . . . .

15 U.S.C. § 1693b(d)(3)(B)(amended 2012).  An amendment to the EFTA, enacted on December 20, 2012, eliminated the requirement for exterior notice on an ATM.  See Pub. L. No. 112-216 (codified at 15 U.S.C. § 1693b(d)(3)(B)).  The EFTA authorizes recovery of actual damages, statutory damages, costs, and attorney's fees in both individual and class actions for an operator's violation of EFTA's provisions.  See 15 U.S.C. 1693m(a).

A party seeking to maintain a class action for violation of

the EFTA must satisfy the requirements of Federal Rule of Civil Procedure ("Rule") 23 before a class can be certified. <u>Ackal v. Centennial Beauregard Cellular L.L.C.</u>, 700 F.3d 212, 215-16 (5th Cir. 2012) (quoting <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 613 (1997)); Fed. R. Civ. P. 23.   In order to satisfy the prerequisites of Rule 23(a), the party seeking class certification must show that:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); <u>see also</u> <u>Ackal</u>, 700 F.3d at 215-16.   In short, the party must establish: (1) numerosity; (2) commonality; (3) typicality; and (4) representativeness.   <u>Unger v. Amedisys Inc.</u>, 401 F.3d 316, 320 (5th Cir. 2005).

In addition to satisfying the prerequisites of Rule 23(a), the party seeking class certification must also establish that the suit falls into at least one of the three categories set forth in Rule 23(b).   <u>See</u> Fed. R. Civ. P. 23(b).   Where money damages are sought, as in this case, the criteria of the category enumerated in Rule 23(b)(3) must be satisfied.   <u>Unger</u>, 401 F.3d at 320.   Under Rule 23(b)(3), a party must demonstrate "both (1) that questions common to the class members predominate over questions affecting only individual members, and (2) that class resolution is superior to

alternative methods for adjudication of the controversy." <u>Ackal</u>, 700 F.3d at 216 (quoting <u>Feder v. Elec. Data Sys. Corp.</u>, 429 F.3d 125, 129 (5th Cir. 2005)) (quotation marks omitted); <u>see also</u> Fed. R. Civ. P. 23(b)(3). A party that meets the aforementioned criteria of Rule 23(a) and Rule 23(b)(3) is entitled to pursue his lawsuit as a class action. <u>Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.</u>, 559 U.S. 393, 130 S.Ct. 1431, 1437 (2010).

### III.  Analysis

Defendant urges the court to reject Plaintiff's request for class certification. Specifically, Defendant argues that Plaintiff has failed to satisfy the requirements of Rule 23(a) and Rule 23(b)(3). Plaintiff counters that he has established each of the requisite elements of Rule 23. The court considers the parties' arguments.

### A.  <u>Rule 23(a) Requirements</u>

#### 1.  Numerosity

In order to satisfy the numerosity requirement of Rule 23(a)(1), "a plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members." <u>Pederson v. La. St. Univ.</u>, 213 F.3d 858, 868 (5th Cir. 2000) (quoting <u>Zeidman v. J. Ray McDermott & Co., Inc.</u>, 651 F.2d 1030, 1038 (5th Cir. 1981)) (internal quotation marks omitted); <u>see also</u> Fed. R. Civ. P. 23(a)(1). The numerosity of the class must be such that joinder of the potential class members would be impracticable.

7

Fed. R. Civ. P. 23(a)(1).

Here, Plaintiff has served written discovery on Defendant to develop record evidence establishing that the potential class members satisfy the numerosity requirement.  Plaintiff argues that, as of March 4, 2013, Defendant had failed to produce transaction data for the ATM at issue in response to Plaintiff's discovery requests, thus depriving Plaintiff of his ability to identify purported class members.[20]  The court is not inclined to deny class certification as a result of Defendant's shortcomings during the discovery process.  Moreover, because the number of separate individuals who used the ATM in question within the span of at least one year is likely sizable, the court finds that Plaintiff's assertion that the number of potential class members satisfies the numerosity requirement is credible and therefore satisfies Rule 23(a)(1).

## 2. Commonality

For purposes of Rule 23(a)(2), a class must have common questions of law or fact. Fed. R. Civ. P. 23(a)(2).  To satisfy this requirement, a plaintiff must show that the claims of all potential class members:

> depend upon a common contention . . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

---

[20]     See Doc. 79, Pl.'s Suppl. to Mot. for Class Cert.

<u>Wal-Mart Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541, 2551 (2011); <u>see also</u> <u>M.D. ex re. Stukenberg v. Perry</u>, 675 F.3d 832, 838 (5th Cir. 2012) (quoting <u>Dukes</u>, 131 S. Ct. at 2551).

Here, Plaintiff identifies several issues of law and fact that are common to Plaintiff and all potential class members: (1) whether, during the relevant time period, Defendant was an ATM operator that imposed a transaction fee on consumers for use of the ATM; (2) whether Defendant complied with the notice requirements of the EFTA during the relevant time period; and (3) whether Plaintiff and potential class members are entitled to recover statutory damages, costs, and attorney's fees.  The court finds that these issues satisfy the commonality requirement of Rule 23(a)(2).

Defendant argues that the court will have to conduct an individualized inquiry into each potential class member, as well as into Defendant's records, in order to determine whether each class member actually used the ATM in question and whether notice was provided.  The court disagrees.  In order to become a class member, an individual must necessarily show, whether by affidavit or other evidence, that he used the ATM during the relevant time period.[21] Additionally, if Defendant provided notice as required by the EFTA, it may raise that defense throughout the proceedings.  An

---

[21]   Plaintiff has identified three means by which an individual can show that he falls within the potential class definition: (1) by providing a transaction receipt for each qualifying transaction; (2) providing a bank account statement reflecting a withdrawal from the ATM at issue; or (3) attesting that he used the ATM at issue during the relevant time period and producing an ATM card number that can be cross-checked with Defendant's records.  <u>See</u> Doc. 49, Pl.'s Reply in Supp. of Mot. for Class Cert. p. 10.

individualized inquiry by the court is not required.

### 3. Typicality

To satisfy the typicality requirement of Rule 23(a)(3), a plaintiff must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The claims need not be identical, but the claims of the class representatives must "have the same essential characteristics of those of the putative class." James v. City of Dallas, 254 F.3d 551, 571 (5th Cir. 2001), abrogated in part by Dukes, 131 S. Ct. 2541. Factual differences between the claims will not defeat typicality provided that "the claims arise from a similar course of conduct and share the same legal theory." Id.

In this case, Plaintiff's claims and those of the putative class arise from the same alleged misconduct of Defendant, namely, Defendant's failure to comply with the notice requirements of the EFTA. Defendant contends that Plaintiff was aware of the EFTA's notice requirements and suggests that Plaintiff intentionally sought to use ATMs lacking the requisite notice. According to Defendant, because of Plaintiff's knowledge and intent with respect to using Defendant's ATM, the typicality requirement is not satisfied. However, Plaintiff's intent in initiating a transaction at Defendant's ATM does not alter Defendant's liability for failing

to comply with the EFTA's requirements.[22]  See 15 U.S.C. § 1693m.
The court therefore finds that Plaintiff has satisfied the
typicality requirement of Rule 23(a)(3).

**4. Representativeness**

A plaintiff must demonstrate that "the representative parties
will fairly and adequately protect the interests of the class" in
order to satisfy the adequacy of representation requirement of Rule
23(a)(4).  Fed. R. Civ. P. 23(a)(4).  In determining whether a
party has satisfied the adequacy requirement of Rule 23(a)(4),
courts assess the zeal and competence of the proposed class
representative's counsel and the proposed class representative's
willingness and ability to actively control or prosecute the
litigation in such a manner as to protect the interests of the
absent class members.  Feder, 429 F.3d at 130-31.  Differences
between a putative representative's interests and those of the
absent class members render the representative inadequate for
purposes of Rule 23(a)(4) only where such differences are
antagonistic to one another or create conflict.  Mullen v. Treasure
Chest Casino, LLC, 186 F.3d 620, 626 (5th Cir. 1999).

With respect to the adequacy of Plaintiff's counsel, Plaintiff
directs the court to the firm resume of his counsel, which shows
that his attorneys have substantial experience representing

---

[22]    Defendant does not cite to any case law supporting its position that
an individual's knowledge of the EFTA's notice requirements precludes recovery
of statutory damages, costs, and attorney's fees for an ATM operator's violation
of EFTA.

plaintiffs in collective actions.[23]  Defendant appears to contend that because Plaintiff's counsel represented Plaintiff in two prior EFTA-violation lawsuits that were dismissed with prejudice by Plaintiff, Plaintiff's counsel is somehow inadequate.  The court is unpersuaded by this argument and finds that Plaintiff's counsel has shown, via their substantial collective action experience, that they are sufficiently zealous and competent to satisfy Rule 23(a)(4).

Turning to Plaintiff's adequacy as a representative in this action, Plaintiff contends that he and the absent class members share the identical interest of establishing Defendant's violation of the EFTA and that no conflicts exist between Plaintiff and absent class members.  These assertions are reflected in Plaintiff's complaint, wherein Plaintiff alleges that: (1) he and the potential class members entered into an electronic fund transfer at Defendant's ATM; (2) Defendant did not provide notice on the exterior of the ATM that a usage fee would be charged for the transaction, in violation of the EFTA; and (3) Plaintiff and the potential class members seek to recover statutory damages under the EFTA.

Defendant, however, challenges Plaintiff's motives in this litigation given that Plaintiff declined Defendant's offer to settle the case for the maximum statutory damages amount allowed

---

[23]     See Doc. 33-1, Ex. A to Pl.'s Mot. for Class Cert., Firm Resume.

for an individual claim under the EFTA.  The court is again unpersuaded by Defendant's argument.  Indeed, contrary to Defendant's argument, Plaintiff's opting to proceed to class certification instead of accepting Defendant's offer to settle his individual claim militates in favor of finding that Plaintiff is protecting the rights of absent class members in that, had Plaintiff accepted Defendant's settlement offer, there would be no named plaintiff to prosecute the claims of potential class members.

Given Plaintiff's allegations regarding the shared interests of Plaintiff and the unnamed class members, in conjunction with Plaintiff's active role in the case thus far, as evidenced by his entering into settlement negotiations with Defendant, the court finds that Plaintiff's interests are aligned with those of the unnamed class members and that Plaintiff has exhibited a willingness to protect the interests of unnamed class members. Accordingly, Plaintiff has satisfied the adequacy requirement of Rule 23(a)(4).

**B.   Rule 23(b)(3) Requirements**

In order to be certified as a class pursuant to Rule 23(b)(3), the proposed class must show that, in addition to satisfying the requirements of Rule 23(a), "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the

13

controversy."[24]  Fed. R. Civ. P. 23(b)(3); see Feder, 429 F.3d at 129 (quoting Bell Atl. Corp. v. AT&T Corp., 339 F.3d 294, 301 (5th Cir. 2003)).  In evaluating predominance, the inquiry of which is more demanding than the commonality requirement discussed above, the court must "consider how a trial on the merits would be conducted if a class were certified." Maldonado v. Oschsner Clinic Found., 493 F.3d 521, 525 (5th Cir. 2007) (quoting Bell Atl. Corp., 339 F.3d at 302).  The superiority inquiry requires an "understanding of the relevant claims, defenses, facts, and substantive law in the case." Maldonado, 493 F.3d at 525 (quoting Allison v. Citgo Petroleum Corp., 151 F.3d 402, 419 (5th Cir. 1998)).

Here, Plaintiff contends that he and the potential class members suffered the same statutory injury as a result of Defendant's failure to post a transaction-fee notice on the exterior of the ATM at issue.  The court agrees with Plaintiff that the underlying facts and legal issues common to the whole class, as articulated above, predominate over questions affecting only individual members of the class.  See Mabary v. Hometown Bank,

---

[24]  Rule 23(b)(3) identifies the following matters as pertinent to the court's predominance and superiority inquiries:
   (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
   (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
   (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
   (D) the likely difficulties in managing a class action.
Fed. R. Civ. P. 23(b)(3).

N.A., No. 4:10-cv-3936, 2011 WL 5864325, at *3 (S.D. Tex. Nov. 22, 2011) (unpublished).

With respect to whether class certification is superior to individual lawsuits or other means of adjudication, Plaintiff contends that no potential class members have instituted individual lawsuits against Defendant for violations of the EFTA,[25] the court is an appropriate forum for resolving the claims of the proposed class, and the claims of this lawsuit are manageable on a class-wide basis. Defendant, on the other hand, takes issue with Plaintiff's class definition, arguing that because the class period is open-ended, class members cannot be properly identified. However, Plaintiff has identified a number of objective means by which potential class members may be ascertained.[26] The court notes that Plaintiff must prove that Defendant was not in compliance with the EFTA notice provision during a specific period ending no later than December 20, 2012, the date that the EFTA was amended to eliminate the exterior notice requirement. Nonetheless, the date on which Defendant came into compliance with the EFTA does not alter the court's analysis regarding class certification.

---

[25]    Regardless of whether the absence of individual lawsuits by potential class members is indicative of a "commentary on the redundancy of the EFTA's notice requirements," as argued by Defendant, or of an inability or disinterest of potential class members to protect their rights under the EFTA for a small damages award, the court finds that potential class members have not shown an interest in individually litigating their rights under the EFTA, thus militating in favor of class certification. Doc. 47, Def.'s Resp. in Opp'n to Pl.'s Mot. for Class Cert. p. 11. Defendant's speculation that perhaps no other potential class members perceive themselves as having been injured by an alleged EFTA violation does not weigh against class certification.

[26]    See Doc. 49, Pl.'s Reply in Supp. of Mot. for Class Cert. pp. 8-10.

Defendant also contends that management of this class action would be "too difficult and overly burdensome for any court."[27]  In support of this statement, Defendant argues that the court would be required to engage in individualized factual inquiries as to each potential plaintiff in order to determine whether each potential plaintiff used the ATM at issue during the class period and whether each of the class members' account was established primarily for personal, family, or household purposes.[28]  As noted above, Plaintiff has described a number of objective criteria by which to identify potential class members who fall within the class definition.  Given the above, and in the absence of overwhelming difficulties in managing this lawsuit, the court finds that class treatment is superior to other means under Rule 23(b)(3).

Because the requirements of Rule 23 have been satisfied, the court **RECOMMENDS** that this action be conditionally certified as a collective action under Rule 23 with respect to the following class:

> All non-customers who made an electronic fund transfer, from an account used primarily for personal or household purposes, between November 12, 2010, through [the date on which Defendant came into compliance with the ATM Fee posting requirements of the EFTA], at the ATM operated by Defendant at 1200 League Line Road, Conroe, Texas, and

---

[27]     Doc. 47, Def.'s Resp. in Opp'n to Pl.'s Mot. for Class Cert. p. 12.

[28]     Defendant also argues that the court will have to sever actual damages from statutory damages as to each potential class member.  Plaintiff is seeking to recover solely statutory damages for himself and on behalf of the unnamed class members.  The court therefore need not sever or resolve individual claims for actual damages in this lawsuit.

who were charged a "Terminal Fee."[29]

## IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiff's Motion for Class Certification be **GRANTED**.  Because Defendant concedes that, if Plaintiff's motion for class certification is granted, Defendant's pending motion to dismiss will be moot, the court **RECOMMENDS** that Defendant's motion to dismiss be **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 11th day of July, 2013.

Nancy K. Johnson
United States Magistrate Judge

---

[29]     Doc. 33, Pl.'s Mot. for Class Cert. pp. 4-5.