IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID HOOKS, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-12-0173 |
| LANDMARK INDUSTRIES d/b/a TIMEWISE FOOD STORES, | § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Hooks, individually and on behalf of all others similarly situated ("Plaintiff"), brought this action against defendant Landmark Industries d/b/a Timewise Food Stores ("Defendant") for violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, et seq., and its implementing regulations, 12 C.F.R. § 205, et seq. Pending before the court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss") (Docket Entry No. 129). For the reasons explained below, Defendant's Motion to Dismiss will be granted.

I. **Background**

Plaintiff alleges that on November 12, 2011, he "made one withdrawal from his checking account" at an automated teller

machine ("ATM") operated by Defendant.[1] Defendant charged Plaintiff a "terminal fee" of $2.95 in connection with the transaction.[2] However, there was no notice posted on or at the ATM to inform consumers that a fee would be charged for its use.[3]

Plaintiff brought this action on January 18, 2012, seeking statutory damages for alleged violations of the EFTA.[4] On March 12, 2012, Plaintiff filed his First Amended Complaint.[5] Defendant filed an answer on March 26, 2012.[6] On May 4, 2012, the court held a status conference and established September 7, 2012, as the deadline to file a motion for class certification.[7]

On June 18, 2012, Defendant tendered an offer of judgment to Plaintiff pursuant to Federal Rule of Civil Procedure 68.[8] Defendant "offer[ed] to settle Plaintiff's statutory damage claim

---

[1] First Amended Class Action Complaint Jury Demanded ("First Amended Complaint"), Docket Entry No. 9, p. 5.

[2] Id.

[3] Id.

[4] Class Action Complaint Jury Demanded, Docket Entry No. 1.

[5] First Amended Complaint, Docket Entry No. 9.

[6] Defendant, Landmark Industries d/b/a Timewise Food Stores Original Answer, Docket Entry No. 10.

[7] Hearing Minutes and Order, Docket Entry No. 15; Docket Control Order, Docket Entry No. 16.

[8] Defendant's Offer of Judgment ("Offer of Judgment"), Exhibit 1 to Plaintiff's Motion to Strike Offer of Judgment and Memorandum in Support Thereof ("Motion to Strike"), Docket Entry No. 21-1; Motion to Strike, Docket Entry No. 21, p. 2.

against Defendant for $1,000," the maximum amount of statutory damages for his individual claim.[9] See 15 U.S.C. § 1693m(a)(2)(A). Defendant also offered to "pay costs accrued and reasonable and necessary attorney fees, through the date of acceptance of the offer."[10] By its own terms, "[t]he deadline for accepting th[e] offer [was] 15 days after service."[11] Cf. Fed. R. Civ. P. 68(a) (providing that a party has fourteen days after being served with an offer of judgment to serve written notice accepting the offer).

On June 28, 2012, Plaintiff filed his Motion to Strike the Offer of Judgment.[12] Defendant filed a response on August 6, 2012.[13] Plaintiff's Motion to Strike was denied on September 28, 2012.[14] Because Plaintiff did not accept the Offer of Judgment, it expired by its own terms.

On September 7, 2012, Plaintiff filed a motion to extend the deadline to file a motion for class certification.[15] Defendant

---

[9] Id. at 2.

[10] Id.

[11] Id.

[12] Motion to Strike, Docket Entry No. 21.

[13] Defendant's Response to Plaintiff's Motion to Strike Offer of Judgment and Memorandum in Support Thereof [Doc. #21], Docket Entry No. 26.

[14] Order, Docket Entry No. 31.

[15] Motion of Plaintiff to Extend Deadline to File Motion for Class Certification, Docket Entry No. 29.


filed objections to the motion on September 27, 2012.[16] On October 4, 2012, Plaintiff filed a reply.[17] The court granted Plaintiff's motion on October 5, 2012.[18] Plaintiff filed his motion for class certification the same day.[19]

On October 5, 2012, Defendant filed a motion to dismiss for lack of subject matter jurisdiction.[20] Plaintiff filed a response on October 9, 2012.[21] On February 13, 2013, Defendant filed a reply.[22]

On January 18, 2013, the case was referred to Magistrate Judge Nancy K. Johnson.[23] On July 11, 2013, Judge Johnson recommended that Plaintiff's Motion for Class Certification be granted.[24] Noting Defendant's concession that it's motion to dismiss would be

---

[16]Defendant's Objections and Response to Plaintiff's Motion to Extend the Deadline for Class Certification [Doc. #29], Docket Entry No. 30.

[17]Plaintiff's Reply in Support of Motion to Extend Deadline to File Motion for Class Certification, Docket Entry No. 32.

[18]Order, Docket Entry No. 34.

[19]Plaintiff's Motion for Class Certification and Memorandum of Law in Support Thereof ("Motion for Class Certification"), Docket Entry No. 33.

[20]Defendant's Motion to Dismiss for Want of Subject Matter Jurisdiction, Docket Entry No. 36.

[21]Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Subject Matter Jurisdiction, Docket Entry No. 37.

[22]Reply in Further Support of Defendant's Motion to Dismiss for Want of Subject Matter Jurisdiction, Docket Entry No. 70.

[23]Order, Docket Entry No. 60.

[24]Memorandum and Recommendation, Docket Entry No. 95.

rendered moot by the certification of a class,[25] Judge Johnson recommended that Defendant's motion to dismiss be denied as moot.[26] The court adopted Judge Johnson's Memorandum and Recommendation on July 30, 2013.[27]

On March 25, 2014, Defendant filed the pending Motion to Dismiss.[28] Plaintiff filed a response on April 29, 2014.[29] On May 21, 2014, Defendant filed a reply.[30]

## II.  Standard of Review

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" U.S. Parole Comm'n v. Geraghty, 100 S. Ct. 1202, 1208 (1980). "In order to invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome of the action." Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1528 (2013).

---

[25] Reply in Further Support of Defendant's Motion to Dismiss for Want of Subject Matter Jurisdiction, Docket Entry No. 70, p. 2.

[26] Memorandum And Recommendation, Docket Entry No. 95, pp. 1, 17.

[27] Order Adopting Magistrate Judge's Memorandum and Recommendation, Docket Entry No. 96.

[28] Motion to Dismiss, Docket Entry No. 129.

[29] Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Response"), Docket Entry No. 133.

[30] Landmark's Reply in Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction, Docket Entry No. 136.

"[A] lawsuit brought as a class action must present justiciable claims at each stage of the litigation; if the named plaintiffs' individual claims become moot before a class has been certified, no justiciable claims are at that point before the court and the case must as a general rule be dismissed for mootness." Zeidman v. J. Ray McDermott & Co., Inc., 651 F.2d 1030, 1046 (5th Cir. Unit A 1981). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 89 S. Ct. 1944, 1951 (1969).

Federal Rule of Civil Procedure 12(b)(1) permits parties to file motions challenging a district court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks omitted). The court must dismiss the action if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

The party seeking to invoke federal jurisdiction bears the burden of establishing subject matter jurisdiction. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The court may find that subject matter jurisdiction is lacking based on "'(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'"

Walch v. Adjutant General's Dept. of Texas, 533 F.3d 289, 293 (5th Cir. 2008) (quoting Robinson v. TCI/US West Communications Inc., 117 F.3d 900, 904 (5th Cir. 1997)). A court should grant a Rule 12(b)(1) motion "only if it appears certain that the plaintiff cannot prove any set of facts in support of [its] claim that would entitle [it] to relief." Home Builders Ass'n, 143 F.3d at 1010.

### III. Analysis

Defendant has moved to dismiss this action as moot. Defendant contends that the case became moot in June of 2012 upon expiration of its Rule 68 offer of judgment to the sole named plaintiff.[31] Plaintiff advances three arguments why the case did not become moot: (1) an unaccepted Rule 68 offer of judgment cannot moot his individual claim; (2) he continues to have a "personal stake" in his claim that he is entitled to represent a class; and (3) the court's certification of a class relates back to the filing of the class complaint, thus avoiding mootness of the class claims.

**A. An unaccepted Rule 68 offer of judgment will moot a named plaintiff's claim.**

Relying primarily on Justice Kagan's dissent in Genesis, Plaintiff argues that "an unaccepted offer of judgment cannot moot an action because a plaintiff's interest in a case remains the same before, and after, he rejects an offer to resolve the matter."[32]

---

[31] Motion to Dismiss, Docket Entry No. 129, p. 1.

[32] Response, Docket Entry No. 133, p. 15.

The majority in <u>Genesis</u> noted that "the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot," but declined to "reach this issue, or resolve the split." <u>Id.</u> at 1528-29. Justice Kagan argued in dissent that an unaccepted Rule 68 offer could not moot a plaintiff's claim and urged the Third Circuit to "rethink [its] mootness-by-unaccepted-offer theory." <u>Id.</u> at 1534; <u>see also Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper</u>, 100 S. Ct. 1166, 1175 (1980) (Rehnquist, J., concurring). However, like the Third Circuit, the Fifth Circuit has held that a Rule 68 offer of judgment that fully satisfies a plaintiff's claim will generally moot that claim. See <u>Sandoz v. Cingular Wireless LLC</u>, 553 F.3d 913, 914-15, 919 (5th Cir. 2008). This court must follow Fifth Circuit precedent, Justice Kagan's dissent in <u>Genesis</u> notwithstanding. Accordingly, Plaintiff's individual claims became moot when the Rule 68 offer of judgment expired in June of 2012.

**B.  Plaintiff's "personal stake" in his claim that he is entitled to represent a class is not sufficient to prevent the case from becoming moot.**

Plaintiff relies on <u>Geraghty</u> and <u>Roper</u> to argue that he "maintains a personal stake in his claim that he is entitled to represent a class" that is sufficient to save the class claims "even where his [individual] claim on the merits has been mooted."[33]

---

[33]Response, Docket Entry No. 133, p. 12.

However, both cases are distinguishable from the facts of this case.

In both <u>Geraghty</u> and <u>Roper</u> the named plaintiffs' claims became moot after the court had ruled on their certification motions. <u>See</u> <u>Geraghty</u>, 100 S. Ct. at 1205-07; <u>Roper</u>, 100 S. Ct. at 1169-70; <u>see also</u> <u>Genesis</u>, 133 S. Ct. at 1530-32. Indeed, in <u>Geraghty</u> "the Court explicitly limited its holding to cases in which the named plaintiff's claim remains live at the time the district court denies class certification." <u>Genesis</u>, 133 S. Ct. at 1530 (citing <u>Geraghty</u>, 100 S. Ct. at 1214 n.11).

The named plaintiff in <u>Geraghty</u> brought a class action challenging the United States Parole Commission's Parole Release Guidelines. 100 S. Ct. at 1205. The district court denied the motion for class certification and granted summary judgment to the defendants. <u>Id.</u> at 1207. While the appeal was pending the named plaintiff was released from prison, rendering his individual claim moot. <u>Id.</u> at 1205, 1207. The issue before the Court was "whether a trial court's denial of a motion for certification of a class may be reviewed on appeal after the named plaintiff's personal claim has become 'moot.'" <u>Id.</u> at 1205. The Court held that "when a District Court erroneously denies a procedural motion, which, if correctly decided, would have prevented the action from becoming moot, an appeal lies from the denial and the corrected ruling 'relates back' to the date of the original denial." <u>Geraghty</u>, 100 S. Ct. at 1214 n.11. The court further noted that under its

holding "[i]f the named plaintiff has no personal stake in the outcome at the time class certification is denied, relation back of appellate reversal of that denial [to the date of denial] still would not prevent mootness of the action." Id. In the present action Plaintiff had not filed a motion for class certification when Defendant made its Offer of Judgment. Accordingly, under the holding in Geraghty, this case became moot when the offer of judgment expired in June of 2012.

In Roper the named plaintiffs' claims became moot when the defendant tendered a complete offer of judgment to the named plaintiffs after the court denied their motion for class certification. 100 S. Ct. at 1169-70. The named plaintiffs appealed the denial of class certification, arguing that "they retain[ed] a continuing individual interest in the resolution of the class certification question in their desire to shift part of the costs of litigation to those who will share its benefit if the class is certified and ultimately prevails." Id. at 1173. The Supreme Court held that the named plaintiffs' personal economic stake in shifting "part of the costs of litigation" to potential class members was sufficient to prevent their individual claims from becoming moot by the defendant's offer of judgment.[34] Id.; see

---

[34]Although it declined to address the issue, the Supreme Court in Genesis noted that an economic interest in shifting attorneys' fees to absent class members may not be sufficient to save a putative class action from mootness in light of its subsequent decision in Lewis v. Continental Bank Corp., 110 S. Ct. 1249 (continued...)

also Genesis, 133 S. Ct. at 1532 ("Roper's holding turned on a specific factual finding that the plaintiffs' possessed a continuing personal economic stake in the litigation, even after the defendants' offer of judgment.").

In the present case Plaintiff does not argue that he retains an interest in shifting the cost of attorneys' fees to putative class members.[35] Instead, he argues that the offer of judgment "did not offer any relief to the class of individuals that [he] seeks to represent."[36] Such a claim is insufficient to establish subject matter jurisdiction in light of the general rule that "a suit brought as a class action must . . . be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has properly been certified." Zeidman, 651 F.2d at 1045. Indeed, "[a] 'legally cognizable interest' . . . rarely ever exists with respect to the class certification claim." Geraghty, 100 S. Ct. at 1212. Accordingly, Plaintiff's "personal stake in his claim that he is entitled to represent a class" is not sufficient to avoid mootness of the action.

---

[34](...continued)
(1990), that an "'interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.'" Genesis, 133 S. Ct. at 1532 n.5 (quoting Lewis, 110 S. Ct. at 1255).

[35]Defendant's offer of judgment included an offer of reasonable attorney's fees. Defendant's Offer of Judgment, Exhibit 1 to Motion to Strike, Docket Entry No. 21-1, p. 2.

[36]Response, Docket Entry No. 133, pp. 11-12.

C.  **The relation-back doctrine does not apply to Plaintiff's claims for statutory damages.**

Plaintiff argues that even if his individual claims became moot upon expiration of Defendant's Offer of Judgment, the relation-back doctrine saves the class claims from dismissal.[37] The relation-back doctrine provides that in certain circumstances the certification of a class will be deemed to relate back to the filing of the class complaint, thus preserving the class claims even after the named plaintiff's claim becomes moot. See Genesis, 133 S. Ct. at 1528 n.2. Plaintiff contends that Defendant's use of a Rule 68 offer to "pick off" the named plaintiff before a motion for class certification has been filed is a circumstance that warrants application of the relation-back doctrine in this case.[38]

   1.  The origins of the doctrine.

The relation-back doctrine has its roots in Sosna v. Iowa, 95 S. Ct. 553 (1975). In Sosna the named plaintiff had petitioned an Iowa court for a dissolution of her marriage one month after moving to Iowa. 95 S. Ct. at 555. The Iowa court dismissed her petition because she "had not been a resident of the State of Iowa for one year preceding the filing of her petition," as required by Iowa law. Id. She then filed suit in federal court challenging the constitutionality of Iowa's residency requirement and "sought

---

[37] Id. at 7-11.

[38] Id.

-12-

certification of her suit as a class action pursuant to [Rule] 23." Id. at 555-56.

After the class was certified, the named plaintiff's individual claims became moot because she had lived in Iowa for more than one year. Id. at 556-57; see also Genesis, 133 S. Ct. at 1530. The Supreme Court held that the class action survived the mootness of the named plaintiff's claims, reasoning that when a district court certifies a class, "the class of unnamed persons described in the certification acquire[] a legal status separate from the interest asserted by [the named plaintiff]." Sosna, 95 S. Ct. at 557 (1975). Thus, Sosna "held that a class is not rendered moot when the named plaintiff's individual claim becomes moot after the class has been duly certified." Genesis, 133 S. Ct. at 1530 (citing Sosna, 95 S. Ct. at 557).

In a footnote the Sosna Court noted that "[t]here may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion." Sosna, 95 S. Ct. at 559 n.11. The Court held that "[i]n such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review." Id. This footnote became the basis for the Supreme Court's subsequent development of the relation-back doctrine. See Genesis, 133 S. Ct. at 1530-31.

In Geraghty the Court noted that the relation-back doctrine would apply "[w]hen the claim on the merits is 'capable of repetition, yet evading review.'" Geraghty, 100 S. Ct. at 1209-10. The Court further recognized that "[s]ome claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." Id. at 1210. In such cases "the relation-back doctrine may apply in Rule 23 cases where it is 'certain that other persons similarly situated' will continue to be subject to the challenged conduct and the claims raised are 'so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires.'" Genesis, 133 S. Ct. at 1530-31 (quoting County of Riverside v. McLaughlin, 111 S. Ct. 1661, 1667 (1991); Gerstein v. Pugh, 95 S. Ct. 854, 861 n.11 (1975)); see also Geraghty, 100 S. Ct. at 1210.

2.  The relation-back doctrine applied to claims for damages.

In Zeidman the Fifth Circuit considered whether a claim for damages can be "so transitory" as to support application of the relation-back doctrine. See Zeidman, 651 F.2d at 1048-51. After the named plaintiffs filed a motion for class certification "the defendants tendered to the plaintiffs the full amount of their personal claims," and the district court "dismissed the entire

action for mootness on the basis of the defendants' tender in the absence of a certified class." Id. at 1032.

The Fifth Circuit recognized "that a suit brought as a class action must as a general rule be dismissed for mootness when the personal claims of the named plaintiffs are satisfied and no class has properly been certified." Id. at 1045. The court observed that under Sosna "certification would have saved the case from dismissal by bringing the claims of the unnamed class members before the court, but only if certification had occurred while the named plaintiffs had justiciable claims, i.e., before the named plaintiffs' claims were rendered moot." Id. at 1046; see also id. ("Sosna does not contemplate the maintenance of a lawsuit that otherwise would be dismissed for mootness, solely for the purpose of establishing a class of unnamed plaintiffs with justiciable claims."). The court noted, however, that the relation-back doctrine might prevent mootness of the class claims, holding that "[a]t least in some cases, however, this general rule must yield when the district court is unable reasonably to rule on a motion for class certification before the individual claims of the named plaintiffs become moot." Id. at 1045.

The court acknowledged that Sosna could be interpreted "to allow certification to 'relate back' to the filing of the complaint only in those cases in which the controversy is so transitory that no single named plaintiff could maintain a justiciable claim long enough to reach the class certification stage of the litigation."

Id. at 1047. Observing that claims for damages do not "by their nature" meet this standard, the court nevertheless concluded that "the result should be no different when the defendants have the ability by tender to each named plaintiff effectively to prevent any plaintiff in the class from procuring a decision on class certification."  Id. at 1050.  The Court therefore held "that a suit brought as a class action should not be dismissed for mootness upon tender to the named plaintiffs of their personal claims, at least when . . . there is pending before the district court a timely filed and diligently pursued motion for class certification."  Id. at 1051.

In a Fair Labor Standards Act ("FLSA") case, the Fifth Circuit extended the rule in Zeidman to situations where the named plaintiff's claims become moot before a motion for certification of the collective action has been filed.  In Sandoz the defendant made the named plaintiff an offer of judgment "a little over a month after receiving [the named plaintiff's] petition."  553 F.3d at 914.  The named plaintiff failed to accept the offer of judgment and did not move for conditional certification until thirteen months after filing her complaint.  See id. at 914-15, 21.  The Fifth Circuit held that "when a FLSA plaintiff files a timely motion for certification of a collective action, that motion relates back to the date the plaintiff filed the initial complaint," noting that "[o]ther courts have found that there must be some time for a plaintiff to move to certify a collective action

before a defendant can moot the claim through an offer of judgment." Id. at 920-21 (citing Roble v. Celestica Corp., 627 F. Supp. 2d 1008, 1013-14 (D. Minn. 2007)). Because the named plaintiff "did not file her motion to certify until thirteen months after she filed her complaint, and relation back is warranted only when the plaintiff files for certification 'without undue delay,'" the court remanded the case for a determination of whether the named plaintiff timely sought certification of her collective action. Id.

Although the court in Sandoz acknowledged "a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA [§ 216(b)],"[39] it reasoned that "the policies behind applying the 'relation back' principle for Rule 23 class actions apply with equal force to FLSA § 216(b) collective actions."[40] Id. at 920. Thus, under Sandoz, even when

---

[39]The court described the difference as follows:

> In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has 'opted out' of the suit. Under [§ 216(b)] of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively 'opted into' the class; that is, given his written, filed consent.

Sandoz, 553 F.3d at 916 (quoting LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975) (internal quotation marks omitted)).

[40]The Fifth Circuit has since suggested that the rule in Sandoz applies equally to purported class actions brought under Rule 23.
(continued...)

a plaintiff sought only damages and such claim became moot before the filing of a motion for collective action, the relation-back doctrine might nonetheless preserve the class claims.

3. The Supreme Court declares that claims for damages are not inherently transitory.

In Genesis the Supreme Court rejected the proposition that claims for damages alone are inherently transitory for relation-back purposes, declaring that the proper focus of the inquiry is on the transitory nature of the challenged conduct rather than practical concerns about the ability of plaintiffs to secure class certification when presented with a complete offer of judgment. 133 S. Ct. at 1530-31. Genesis involved a purported FLSA collective action. Id. at 1527. The plaintiff argued that "defendants can strategically use Rule 68 offers to 'pick off' named plaintiffs before the collective-action process is complete, rendering collective actions 'inherently transitory' in effect." Id. at 1531.

Looking to Sosna and the Court's subsequent development of the relation-back doctrine, the Court concluded that the "doctrine has invariably focused on the fleeting nature of the challenged conduct giving rise to the claim, not on the defendant's litigation strategy." Id. (citing Swisher v. Brady, 98 S. Ct. 2699, 2705 n.11 (1978); Spencer v. Kemna, 118 S. Ct. 978, 988 (1998)); see also

---

[40](...continued)
See Murray v. Fidelity National Financial, Inc., 594 F.3d 419, 422 n.2 (5th Cir. 2010).

Gerstein, 95 S. Ct. at 861 n.11; McLaughlin, 111 S. Ct. at 1667. The Court reasoned that because the named plaintiff sought only statutory damages, the relation-back doctrine did not apply to her claims:

> Unlike claims for injunctive relief challenging ongoing conduct, a claim for damages cannot evade review; it remains live until it is settled, judicially resolved, or barred by a statute of limitations. Nor can a defendant's attempt to obtain settlement insulate such a claim from review, for a full settlement offer addresses plaintiff's alleged harm by making the plaintiff whole. While settlement may have the collateral effect of foreclosing unjoined claimants from having their rights vindicated in respondent's suit, such putative plaintiffs remain free to vindicate their rights in their own suits. They are no less able to have their claims settled or adjudicated following respondent's suit than if her suit had never been filed at all.

Genesis, 133 S. Ct. at 1531. Although the Court acknowledged that "Rule 23 actions are fundamentally different from collective actions under the FLSA," its discussion of the relation-back doctrine relied primarily on cases brought under Rule 23. See id. at 1530-31. Accordingly, under Genesis claims for statutory damages alone are not inherently transitory for purposes of invoking the relation-back doctrine.

    4.   <u>The relation-back doctrine does not save this case from mootness.</u>

Here, Plaintiff, like the named plaintiff in Genesis, has only sought statutory damages.[41] To the extent that Sandoz suggested that the relation-back doctrine might preserve a purported class action from mootness after the named plaintiff's claims become moot

---

[41]First Amended Complaint, Docket Entry No. 9.

because he has only sought damages and no motion for class certification has been filed, such reasoning was rejected by the Supreme Court in Genesis. Although Genesis was an FLSA case, the Supreme Court's reasoning that the nature of damages claims do not lend themselves to application of the relation-back doctrine is equally applicable in the Rule 23 context. Because claims for damages are not inherently transitory, the relation-back doctrine does not apply and cannot preserve the class claims after the case became moot when Defendant's Offer of Judgment expired in June of 2012.

## IV. Conclusions and Order

For the reasons explained above, the court concludes that Plaintiff's claims became moot upon expiration of the Offer of Judgment in June of 2012. Because there was neither a pending motion for certification nor a certified class when the named Plaintiff's claim became moot, this action must be dismissed for lack of jurisdiction because it is moot. Accordingly, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket Entry No. 129) is **GRANTED**. The court's Order Adopting Magistrate Judge's Memorandum and Recommendation (Docket Entry No. 96) certifying the class is hereby **VACATED**.

**SIGNED** at Houston, Texas, on this the 1st day of July, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE